**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY HAIRSTON, | ) | CASE NO. 1:25-CV-02264-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I. Introduction**

Plaintiff, Jeffrey Hairston ("Hairston" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

**II. Procedural History**

On May 2, 2023, Hairston filed an application for SSI, alleging a disability onset date of June 1, 2015. (ECF No. 8, PageID #: 42). The application was denied initially and upon reconsideration, and Hairston requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On October 24, 2024, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (*Id.* at PageID #: 54-82). On November 25, 2024, the ALJ issued a written decision finding Hairston was not disabled. (*Id.* at PageID #: 42-

1

49).  The ALJ's decision became final on August 22, 2025, when the Appeals Council declined further review.  (*Id.* at PageID #: 27-29).

On October 21, 2025, Hairston filed his Complaint to challenge the Commissioner's final decision.  (ECF No. 1).  The parties have completed briefing in this case. (ECF Nos. 9, 10, 11).  Hairston raises a single issue: "[w]hether the ALJ reversibly erred by finding that Hairston has no severe impairment whatsoever at Step Two of the sequential evaluation."  (ECF No. 9 at 1).

## III. Background

### A.  Relevant Hearing Testimony

The ALJ summarized the relevant disability allegations and testimony from Hairston's hearing:

> The claimant alleges that he suffers from anxiety, depression, cocaine use disorder, gastroesophageal reflux disease, obesity, recurrent hernia status post mesh repair, malnutrition, pneumonia, acute respiratory insufficiency, hypertensive urgency, preseptal cellulitis, and abscess of eyelid. As a result, the claimant alleges he experiences pain, has difficulty focusing, does not handle stress or changes in routing [sic] well, and cannot work (Ex. 3E). The claimant also alleges he cannot lift more than ten pounds; cannot stand for more than fifteen minutes at a time, and can walk five blocks before needing to stop and rest for ten minutes (Ex. 3E). Additionally, the claimant alleges he has difficulty squatting, bending, reaching, climbing stairs, completing tasks, and following instructions (Ex. 3E). Despite these allegations, the claimant attends to his personal hygiene and prepares simple meals (Ex. 3E). The claimant also washes laundry, goes for walks, and uses public transportation (Ex. 3E). Additionally, the claimant socializes in person and via electronic devices, watches television, goes out shopping, and pays bills (Ex. 3E). At the hearing, the claimant testified that he graduated from high school, and he lives alone (hearing testimony). The claimant also testified he could not work due to back and pain, shortness of breath, inability to lift over five pounds, and inability to stand for more than five minutes at a time (hearing testimony).

(ECF No. 8, PageID #: 45-46).

**B.  Relevant Medical Evidence**

The ALJ also summarized Hairston's health records and symptoms:

> As to the claimant's anxiety, depression, cocaine use disorder, gastroesophageal reflux disease, obesity, recurrent hernia status post mesh repair, malnutrition, pneumonia, acute respiratory insufficiency, hypertensive urgency, preseptal cellulitis, and abscess of eyelid, in June of 2023, while at Cleveland Clinic, the claimant requested a refill on his antibiotic medication (Ex. 1F/10). It was noted the claimant was status post ventral hernia repair, and he had an infection around the hernioplasty mesh (Ex. 1F). The record demonstrated a total of four abdominal surgeries related to this hernia, but it showed limited recovery periods (Ex. 1F and 4F). It was noted the claimant had a history of cocaine abuse, essential hypertension, abdominal pain, and remote ankle fracture in 2015 (Ex. 1F). The claimant was in no acute distress, but he complained of withdrawal symptoms (Exs. 1F/9 and 6F/21). The claimant had a BMI of 31.7 at this time (Ex. 1F/9).
>
> In February of 2024, while at Cleveland Clinic, the claimant's mood, affect, and behavior were all described as normal (Ex. 2F/11). The claimant was in no acute distress, and his motor functions and sensations were intact (Ex. 2F/10 and 11). It was noted the claimant had been assessed with hypertensive urgency, preseptal cellulitis, abscess of eyelid, recurrent hernia of anterior abdominal wall, and acute respiratory insufficiency (Ex. 2F/3 and 4). The claimant's strength, reflexes, and gait were normal, and his sensations were intact (Ex. 2F/20). The claimant's abdomen was soft and not tender, and it had normal bowel sounds (Ex. 2F/20). The claimant had a BMI of 27.55 at this time (Ex. 2F/20).
>
> In May of 2024, during a one-year surgical follow-up appointment, the claimant had no complaints, but he reported that performing certain physical activities made him worry about experiencing another hernia (Ex. 3F/8). The claimant also reported that he cooked, cleaned, and rode a bike without difficulty (Ex. 3F/8). The claimant stated that he no longer rode a bike to get around, and he denied having any abdominal pain or discomfort (Ex. 3F/8).
>
> In August of 2024, the claimant reported abdominal pain, and he was admitted due to a small bowel obstruction (Ex. 4F/162-166). Upon admission, the claimant's gait was steady, and he was negative for muscle weakness (Ex. 4F/22). A gastric tube was placed by the surgical team with the immediate return of 500cc of gastric content. The claimant passed a gastrografin challenge on

3

August 1st and 2nd. The gastric tube was withdrawn on August 2nd and a clear liquid diet was started. The claimant tolerated this well and had regular bowel sounds. A glycemic index diet was started August 3rd, and he tolerated this well. The claimant was discharged to home on August 4th (Ex. 4F/162). Upon discharge, the claimant's muscle strength was described as normal (Ex. 4F/39).

(ECF No. 8, PageID #: 46-47).

### IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

1. The claimant has not engaged in substantial gainful activity since May 2, 2023, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following medically determinable impairments: anxiety; depression; cocaine use disorder; gastroesophageal reflux disease; obesity; recurrent hernia status post mesh repair; malnutrition; pneumonia; acute respiratory insufficiency; hypertensive urgency; preseptal cellulitis; and abscess of eyelid (20 CFR 416.921 et seq.).

3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 et seq.).

4. The claimant has not been under a disability, as defined in the Social Security Act, since May 2, 2023, the date the application was filed (20 CFR 416.920(c)).

(ECF No. 8, PageID #: 44-45, 49).

### V. Law & Analysis

#### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v.*

*Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B.  Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 416.920(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient

evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 416.912(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Hairston raises a single issue on appeal, asserting that the ALJ reversibly erred by finding that Hariston had no severe impairments at step two of the sequential evaluation. (ECF No. 9 at 5). Hairston first argues that the ALJ's conclusion that "the objective findings in this case provide strong support for the claimant's allegations of disabling symptoms and limitations resulting from his nonsevere impairments" establishes that Hairston's impairments meet or exceed the low *de minimis* standard applicable at step two. (*Id.* at 5-6). He next argues that despite recognizing that Hairston's BMI was classified as obese, the ALJ failed to find obesity as a severe impairment or that Hairston had any limitations from his obesity. (*Id.* at 6). Hairston next argues the ALJ erred in finding that his "impairments—including his hernias—did not last at least 12 months" because the "medical record documents Hairston's hernia issues over a period of years, including multiple surgeries." (*Id.*). Hairston's position is that because the ALJ found no severe impairments at all and ended his inquiry at step two, the ALJ erred, and reversal is warranted. (*Id.* at 8).

The Commissioner responds that the ALJ's decision is supported by substantial evidence such that it should be affirmed. (ECF No. 10 at 1). The Commissioner argues the ALJ "properly articulated why Plaintiff's impairments do not significantly limit his ability to perform basic work activities." (*Id.* at 6). Concerning the ALJ's statement that medical evidence

provided strong support for the allegations of disabling symptoms, the Commissioner argues "this statement is simply an acknowledgment that Plaintiff's conditions are medically determinable impairments." (*Id.* at 7-8). The Commissioner also argues that contrary to Plaintiff's argument, "[u]nder SSR 19-2p, no specific weight or BMI automatically establishes obesity as a 'severe' or 'not severe' impairment" and Plaintiff failed to cite any evidence supporting functional limitations as a result of his obesity. (*Id.* at 8). As to Plaintiff's hernias, the Commissioner argues the "ALJ found Plaintiff's recurrent hernia status post mesh repair to be non-severe because they did not significantly limit his ability to perform basic work activities, either alone or in combination with other impairments." (*Id.* at 8-9).

Plaintiff replies that the Commissioner's interpretation of the ALJ's statement concerning the medical evidence does not make sense because if the evidence supported his allegations of *disabling* symptoms, there necessarily would be a severe impairment. (ECF No. 11 at 1-2). Regarding the Commissioner's argument that the ALJ found Plaintiff's hernias met the durational requirement but determined they did not significantly limit his ability to perform basic work activities, Plaintiff argues this contradicts the ALJ's own words because he explicitly found that State agency opinions concluding the hernia impairment would not last twelve months were persuasive and consistent with the medical record. (*Id.* at 2).

At step two of the sequential evaluation, an ALJ considers whether a claimant has "a severe medically determinable physical or mental impairment that [has lasted or is expected to last for a continuous period of at least 12 months or result in death], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 416.909. "An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20

7

C.F.R. § 416.922(a). Similarly, Social Security Ruling ("SSR") 85-28 provides that "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28, 1985 WL 56856, at *3). These activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." *Id.* If a claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 416.920(c).

Here, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months such that he did not have any severe impairments. (ECF No. 8, PageID #: 45). In explaining his decision, the ALJ summarized Plaintiff's symptom allegations but noted that Plaintiff attended to his personal hygiene and prepared simple meals; washed laundry; went for walks; used public transportation; socializes in person and via electronic devices; watches television; goes out shopping; and pays bills. (*Id.*). Thus, the ALJ found Plaintiff "described daily activities that [were] inconsistent with his allegations of disabling symptoms and limitations." (*Id.*).

The ALJ also considered the medical evidence, noting relatively normal examination findings, Plaintiff's lack of complaints, and Plaintiff's BMI ranging from 27.55 to 31.7 across visits. (ECF No. 8, PageID #: 46-47). The ALJ noted that Plaintiff's measurements resulted in a BMI of 30.07, which was classified as obese. (*Id.* at PageID #: 47). The ALJ also considered State agency opinions that concluded Plaintiff "had physical impairments, which included hernia

and skin disorder, but … they would not last twelve months." (*Id.*). The ALJ found these opinions persuasive because they were consistent with and supported by the record, citing a February 2024 medical record indicating Plaintiff was in no acute distress and his motor functions and sensations were intact, as well as other records showing "no apparent distress, status post hernia with mesh repair, positive bowl sounds, and no signs of infection." (*Id.*).

The undersigned agrees with the Commissioner that the evidence cited by the ALJ amounts to substantial evidence supporting his decision that Plaintiff did not have any severe impairments. Importantly, "[a] claimant bears the burden of proving that an impairment is severe." *Deaner v. Comm'r of Soc. Sec.*, 840 F. App'x 813, 816 (6th Cir. 2020) (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). To do so, a claimant must show not only that they suffer from an impairment but that the impairment results in limitations that impact his ability to perform basic work activities. 20 C.F.R. § 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."). Throughout his briefing, Plaintiff wholly fails to point to *any* evidence in support of limitations he suffers from any of his impairments that would support that they were severe. *See Kidd v. Comm'r of Soc. Sec.*, 7 F. App'x 483, 490 (6th Cir. 2001) (claimant failed to meet her burden of proof when she did not provide any evidence that her obesity constituted a severe impairment).

Concerning Plaintiff's obesity, Plaintiff argues that the ALJ correctly found his BMI classified as obese, "which should require the ALJ to find obesity as a severe impairment." (ECF No. 9 at 6). However, SSR 19-2p specifically provides that "[n]o specific weight or BMI

9

establishes obesity as a 'severe' or 'not severe' impairment" but rather instructs an ALJ to "do an individualized assessment of the effect of obesity on a person's functioning when deciding whether the impairment is severe."  SSR 19-2p, 2019 WL 2374244, at *3-4.  Here, Plaintiff wholly fails to point to any evidence in support of any *limitations* he experienced due to his obesity and thus has failed to show that the ALJ erred in not finding his obesity to be a severe impairment.

Turning to Plaintiff's hernia, Plaintiff cites records from June 2022 and June 2023 to support that his hernia issues were ongoing for at least 12 months.  (ECF No. 9 at 6-7). However, while these two records establish that Plaintiff had two hernia repairs more than 12 months apart, Plaintiff fails to cite any evidence indicating that he suffered from hernias "for a *continuous* period of at least 12 months."  20 C.F.R. § 416.909 (emphasis added).  In discussing Plaintiff's hernias, the ALJ correctly noted the "limited recovery periods" following the hernia repairs.  (ECF No. 8, PageID #: 46; *see id.* at PageID #: 328) (clearing Plaintiff to "return to normal activity" following May 2023 hernia repair).  Additionally, Plaintiff once again fails to point to any evidence supporting that his hernias impacted his ability to work.

Here, because Plaintiff failed to cite any evidence supporting *limitations* from any of his impairments, the ALJ did not err in concluding Plaintiff did not have any severe impairments. *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390-91 (6th Cir. 2015) ("When doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, [the Sixth Circuit] has regularly found substantial evidence to support a finding of no severe impairment."); *Higgs v. Bown*, 880 F.3d 860, 863 (6th Cir. 1988) (mere diagnosis of an impairment without any medical record detailing resulting limitation was insufficient to support a severe impairment) (collecting cases).  Overall,

10

substantial evidence supports the ALJ's conclusion that Plaintiff did not have a severe impairment and was therefore not disabled.  The Court must defer to the ALJ's decision, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

## VI. Recommendation

Based on the foregoing, it is RECOMMENDED that the Court OVERRULE Hairston's Statement of Errors and AFFIRM the Commissioner's decision.

Dated: April 27, 2026

*s/ Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).